UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PHILLIP DANNY WARD )
 )
      Plaintiff, )
 )
v. ) Case No: 1-16-CV-457-CHS
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security )
Administration, )
 )
      Defendant. )

## MEMORANDUM OPINION

**I.  Introduction**

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying Phillip Danny Ward's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") as provided by the Social Security Act. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 9].

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [Doc. 11] shall be **GRANTED** in part; the Commissioner's Motion for Summary Judgment [Doc. 12] shall be **DENIED**; the decision of the Commissioner shall be **REVERSED**; and this action shall be **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for further consideration of the opinion of Rickey Hutcheson D.O. pursuant to 20 C.F.R. § 404.1527. Judgment in favor of Plaintiff shall be entered.

## II. Background

### A. Procedural History

On August 15, 2013, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434 [Tr. 11, 138-41]. The agency denied Plaintiff's claim initially and on reconsideration [Tr. 96-98, 101-02]. On September 24, 2015, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act [Tr. 8-25, 26-72]. On September 12, 2016, SSA's Appeals Council denied Plaintiff's request for review [Tr. 1-6]. Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review.

### B. The ALJ's Findings

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since May 30, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

404.1567(b), meaning that the claimant is capable of lifting or carrying up to 10 pounds frequently, lifting or carrying 20 pounds occasionally, sitting for 6 hours out of an 8-hour day, and standing or walking for 6 hours out of an 8-hour day. The claimant can occasionally climb ramps and stairs; he can occasionally climb ladders, ropes, and scaffolds; and he can occasionally balance, stoop, kneel, crouch, or crawl. The claimant can occasionally have interaction with the public. The claimant can have infrequent changes in the work setting, he can remember and perform 1 to 4 step detailed tasks, and he is unable to make decisions on an executive level.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 29, 1964 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 30, 2013, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 13, 15, 19, 20, 21].

### C. Relevant Facts

#### 1. Plaintiff's Age, Education, and Past Work Experience

At the time of the hearing before the ALJ on July 29, 2015, Plaintiff was 50 years old. He was 48 years old at the time of his alleged onset of disability on May 30, 2013. He has past relevant work with semi-skilled and unskilled occupations in light, medium, and heavy exertional ranges including tractor assembler, laborer/carpenter with a construction company, and maintenance tech supervisor with a municipal park service. He completed the twelfth grade [Tr. 19, 20, 36, 155].

#### 2. Plaintiff's Testimony and Medical History

The ALJ and the parties have adequately discussed Plaintiff's medical history and testimony. The Court will discuss the Plaintiff's medical history and testimony only as it relates to the issues addressed in this case.

## III. Analysis

### A. Standard of Review

To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity she is not disabled; (2) if the claimant does not have a

severe impairment she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education and work experience. *Richardson v. Sec'y, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971); *Landsaw v. Sec'y, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**B. Discussion**

Plaintiff raises a number of issues in his appeal from the ALJ's decision denying benefits; however, the Court finds that only one issue needs to be addressed in this Memorandum Opinion. That issue is whether the ALJ failed to comply with the treating physician rule by omitting an explanation giving good reasons for not crediting Dr. Hutcheson's opinion regarding Plaintiff's physical limitations.

Rickey Hutcheson D.O. is an orthopedic surgeon who saw Plaintiff on June 3, 2014; July 22, 2014; August 5, 2014; September 18, 2014; and October 14, 2014, for neck and low back pain [Tr. 619-20, 614-15, 612-13, 609-11, 605-06]. On July 22, 2014, Dr. Hutcheson performed surgery on Plaintiff. That surgery consisted of an anterior cervical diskectomy and fusion at C5-C6 and C6-C7, using plating, a cage insertion, and vitoss allografting [Tr. 614]. In his October 14, 2014 treatment notes, Dr. Hutcheson opined regarding Plaintiff:

> I do not think he would tolerate a job that requires lifting or repetitive bending and stooping. It would be problematic for him to have a job that requires prolonged standing or a job that does not allow him to alternate sitting and standing at will. I did tell him that this is not going to improve but will be a progressive illness that he will have to live with as long as he can. I told him to look for some sedentary type of work or not work at all.

[Tr. 605]. The physical limitations imposed by Dr. Hutcheson, if accepted by the ALJ in this case, would seemingly preclude the light exertional residual functional capacity assigned to Plaintiff by the ALJ. Rather, as Plaintiff correctly argues, if Dr. Hutcheson's opinion as to Plaintiff's limitations had been accepted by the ALJ, Plaintiff would be limited to sedentary work. And, as of Plaintiff's fiftieth birthday, Plaintiff would be disabled pursuant to the Medical Vocational Guidelines, Rule 201.14. *See* 20 C.F.R. Appendix 2, Subpart P of Part 404, Rule 201.14. Under Rule 201.14, a high school graduate closely approaching advanced age who has past relevant work that is unskilled or semiskilled with no transferable skills and who is limited to sedentary work is deemed disabled. *Id.* A person "closely approaching advanced age" is a person between 50 and 54 years old. 20 C.F.R. Appendix 2, Subpart P of Part 404, Section 202(d). Plaintiff was fifty years old when he appeared before the ALJ for his hearing on July 29, 2015. At the hearing, he argued he was entitled to benefits pursuant to Rule 201.14 as of August 29, 2014, his fiftieth birthday [Tr. 31-32]. Plaintiff makes this same argument in his brief [Doc. 11-1, Plaintiff's brief at 18-19].

In the section of her decision labeled "Medical Evidence," the ALJ repeated some of Dr. Hutcheson's findings and the results of MRIs and x-rays that he ordered and reviewed [Tr. 16-17], but her opinion does not contain a discussion of the physical limitations Dr. Hutcheson imposed on Plaintiff on October 14, 2014; nor does it contain an explanation as to why the ALJ

rejected Dr. Hutcheson's opinion concerning those limitations. Plaintiff asserts this omission is reversible error under the treating physician rule. The Court agrees.

The Regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §§ 404.1527(c) (in effect until March 26, 2017). The Regulations define a "treating source" as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant] . . . with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." 20 C.F.R. § 404.1502 (in effect June 13, 2011 to March 26, 2017); *accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). Pursuant to § 404.1502, "an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) [may] be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s)."

If a medical source is considered a treating physician, an ALJ is required to give a treating source's medical opinion "controlling weight" if: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2))[1]; *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007). If the ALJ does not give the treating physician's opinion controlling weight, then,

---

[1] The Social Security Administration revised its rules regarding the evaluation of medical evidence. 82 Fed. Reg. 5844-01, 2017 WL 168819. The revised regulations went into effect on March 27, 2017, *id*., and are not applicable to this case. *See Bowen v. Georgetown Univ. Hosp*., 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Combs v. Comm'r of Soc. Sec*., 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.").

pursuant to the SSA's own regulations, the ALJ must give good reasons for not doing so and must still evaluate the amount of weight to give the treating physician's opinion based on a number of factors. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-45 (6th Cir. 2004), *see also* 20 C.F.R. § 404.1527. The Sixth Circuit discussed these factors in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541(6th Cir. 2004):

> If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors – namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion. *Id.* [20 C.F.R. § 404.1527(d)(2)].

*Wilson*, 378 F.2d at 544 (citing the factors enumerated in 20 C.F.R. § 404.1527(d)(2)).[2] The *Wilson* court then emphasized that this analysis must be discussed in the ALJ's opinion:

> Importantly for this case, the regulation also contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." *Id.* A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5 (1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran *545 v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

---

[2] The SSA's rules concerning treating physicians were found at 20 C.F.R. § 404.1527(**d**) until 2012 when § 404.1527 was reorganized to move the regulations regarding treating physicians from § 404.1527(d) to § 404.1527(**c**); however, the substance of those regulations remained the same and are still in effect for all claims filed before March 27, 2017. *See supra* note 1 and accompanying text.

*Id.*, *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) ("When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors.") Even if the ALJ determines not to give a treating physician controlling weight, a rebuttal presumption remains that the opinion of the treating physician is entitled to great deference. *Rogers*, 486 F.3d at 242.

"It is an elemental principal of administrative law that agencies are bound to follow their own regulations." *Wilson*, 378 F.3d at 545. Even though substantial evidence might otherwise support a decision of the Commissioner, reversal is required where an agency fails to follow its own procedural regulations. *Id.* at 544. In remanding a disability claim because the ALJ did not follow § 404.1527 and give an appropriate explanation for the weight given a treating physician's opinion, the *Wilson* court explained,

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 41

*Id.* at 546; *see also Rogers*, 486 F.3d at 243 ("a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.")

The *Wilson* Court did leave open the possibility that a "*de minimus* violation" of the procedural requirements of § 404.1527 could constitute harmless error. The *Wilson* court noted three possible circumstances: (1) the treating source's opinion is "so patently deficient that the Commissioner could not possibly credit it"; (2) the Commissioner has already effectively adopted the opinion of the treating source or made findings consistent with it in the Commissioner's decision such that the failure to give reasons related to the opinion is irrelevant; and (3) "perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2) – even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. The *Wilson* court did not elaborate any further about what type of "situation" would qualify under the third exception.

The Commissioner asserts three bases why it is unnecessary to remand this case for review of Dr. Hutcheson's opinion. First, the Commissioner argues Dr. Hutcheson is not a treating physician because he saw the Plaintiff only three times before he gave his opinion [Doc. 13, Comm'r's brief at 10]. The Commissioner cites three unpublished, nonbinding cases from the Sixth Circuit for the proposition that a physician who has seen a patient only three times should not be considered to be a treating physician.[3]

Dr. Hutcheson actually saw Plaintiff four times and gave his opinion in his treatment notes on the fourth visit. On the second visit, Dr. Hutcheson performed an anterior cervical

---

[3]*Downs v. Comm'r of Soc. Sec.*, 634 Fed. App'x 551, 555 n.2 (6th Cir. 2016) (questioning whether doctor who saw claimant three times before issuing opinion should be considered treating source); *Mireles ex rel. S.M.M. v. Comm'r of Soc. Sec.*, 608 Fed. App'x 397, 398 (6th Cir. 2015) (affirming district court's decision finding that claimant's doctor who saw claimant only three times before issuing opinion was not a treating source); *Helm v. Comm'r of Soc. Sec.*, 405 Fed. App'x 997, 1000 n.3 (6th Cir. 2011) ("[I]t is questionable whether a physician who examines a patient only three times over a four-month period is a treating source – as opposed to a nontreating (but examining) source.").

diskectomy and fusion at C5-C6 and C6-C7. Given the fact that he performed surgery on Plaintiff, he is certainly more than a nontreating, examining physician and his level of care seems appropriate given the reasons why Plaintiff visited him. Further, the Commissioner has failed to develop its argument to assert that four (or three) visits does not constitute a "frequency consistent with accepted medical practice for *the type of treatment and/or evaluation required for [Plaintiff's specific] medical condition(s).*" 20 C.F.R. §§ 404.1502 (emphasis added). Consequently, the Court finds this argument unavailing.

Second, the Commissioner contends that the ALJ considered the limitations Dr. Hutcheson placed on Plaintiff by limiting Plaintiff to occasionally bending, stooping, and lifting in the residual functional capacity the ALJ assigned to Plaintiff. However, Dr. Hutcheson's limitations were greater than those assigned Plaintiff by the ALJ. Thus, the ALJ's omission of reasons for not giving Dr. Hutcheson's opinion controlling weight is not harmless. *Wilson*, 378 F.3d at 547.

Third, the Commissioner argues harmless error because "Dr. Hutcheson's statements are inconsistent with other substantial evidence in the record . . . ." Nevertheless, as previously discussed, "although substantial evidence otherwise supports the decision of the Commissioner . . . , reversal is required because the agency failed to follow its own procedural regulation . . . ." *Wilson*, 378 F.3d 541.

Accordingly, pursuant to well-settled precedent, this action will be remanded to the Commissioner for consideration of Dr. Hutcheson's opinion related to Plaintiff's physical limitations, which Dr. Hutcheson stated in his treatment notes of October 14, 2014. If the ALJ does not give controlling weight to Dr. Hutcheson's opinion, then the ALJ shall apply the

factors listed in § 404.1527(c)(2); namely, the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion with the record as a whole; the specialization of Dr. Hutcheson; and other relevant factors in determining what weight, if any, the ALJ shall give to Dr. Hutcheson's opinion.

The Court declines to address any other issues raised in the Plaintiff's motion because those issues may be rendered moot upon the ALJ's further consideration of this case.

## III. Conclusion

Having carefully reviewed the administrative record and the parties' briefs filed in support of their respective motions, the decision of the Commissioner is **REVERSED** and this action is **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. 11] will be **GRANTED** to the extent consistent with this Memorandum Opinion, and Defendant's Motion for Summary Judgment [Doc. 12] will be **DENIED**. Judgment shall be entered in favor of the Plaintiff.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE